UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
INNOVATE 2 CORP., :
:
                    Plaintiff, :
:   1:24-mc-00075 (ALC)
-against- :
:   <u>ORDER</u>
MOTORSPORT GAMES INC., et al., :
:
                 Defendants. :
:
------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

       This miscellaneous action was initiated on February 21, 2024, by a motion to compel non-party Stephens, Inc. ("Stephens") and a motion to compel non-party Benchmark Company ("Benchmark," together with Stephens, "Respondents"), to comply with two subpoenas obtained by INNOVATE 2 Corp. ("Petitioner"), arising out of an underlying lawsuit involving Petitioner, currently pending in the United States District Court for the District of Delaware ("Delaware Litigation"). *See* ECF Nos. 1 ("Motion to Compel Stephens"), 3-1 ("Stephens Subpoena"), 6 ("Motion to Compel Benchmark"), 8-1 ("Benchmark Subpeona"); *Innovate 2, Corp. v. Motorsport Games Inc.*, No. 21 Civ. 165 (SB) (D. Del.).

       The subpoenas were issued by the United States District Court for the District of Delaware on December 21, 2023. ECF Nos. 3-1, 8-1. Both subpoenas were served on Respondents on December 22, 2023. ECF No. 3-3, 8-4. The subpoenas seek documents and communications from Respondents related to the Delaware Litigation. ECF Nos. 2 at 2, 7 at 2. Stephens served written objections to its subpoena on January 5, 2024. ECF. No. 2 at 3. Stephens filed a memorandum of law in opposition to the motion to compel on March 5, 2024. ECF No. 12. Stephens filed a

1

supplemental memorandum on March 12, 2024. ECF No. 17. Petitioner filed a reply brief on March 12, 2024, and an additional reply to Stephens's supplement on March 12, 2024. ECF Nos. 19, 21. Benchmark has not responded to its subpoena or appeared in this case, and Petitioner's motion against it is unopposed. ECF No. 8 at 2.

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). With respect to "exceptional circumstances," the Advisory Committee's 2013 Note to Rule 45(f) suggests that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas" and that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment. "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation." *Am. Plan Administrators v. S. Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022) (holding that an order transferring a motion under Rule 45(f) is not immediately appealable).

Courts in this District regularly "transfer[] similar motions to the issuing court where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (alteration adopted, internal quotation marks and citations omitted); *see, e.g.*, *Smartmatic*

*USA Corp. v. Herring Networks, Inc.*, No. 23 MISC. 454 (KPF), 2023 WL 8258577, at *1 (S.D.N.Y. Nov. 29, 2023) (transferring motion to compel to the District of Columbia); *Veritiv Operating Co. v. Cent. Nat'l Gottesman, Inc.*, No. 22 Misc. 250 (VB), 2022 WL 17585252, at *1 (S.D.N.Y. Nov. 23, 2022) (transferring motion to compel to the Western District of Kentucky); *Honeywell Int'l Inc. v. Mazars USA LLP*, No. 21 Misc. 870 (ER), 2022 WL 94881, at *1 (S.D.N.Y. Jan. 10, 2022) (collecting cases).

Transfer of this action to the United States District Court for the District of Delaware is appropriate given these interests. The Court first observes that Petitioner and Stephens do not object to the *sua sponte* transfer. ECF Nos. 32, 33. The "consent of the person subject to the subpoena is sufficient to permit transfer to the issuing court." Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment; *see also Abercrombie & Fitch Trading, Co. v. Beauty Encounter, Inc.*, No. 24-MC-00009 (LJL), 2024 WL 308097, at *2 (S.D.N.Y. Jan. 26, 2024).

The Court also observes that Judge Stephanos Bibas, who is presiding over the Delaware Litigation, is best positioned to adjudicate the enforcement of these subpoenas, especially given the extensive record, the fact that Judge Bibas has actively managed discovery, and the culmination of fact discovery in that action. *See Innovate 2, Corp. v. Motorsport Games Inc.*, ECF No. 99, No. 21 Civ. 165 (SB) (D. Del.) ("[F]act discovery has closed."); *see also Google LLC v. Fortress Inv. Grp. LLC*, No. 20 Misc. 132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020) (observing that "consistency in rulings and another judge's prior involvement in the underlying action [are] reasons for transferring [the] case" (citing *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 45-47 (D.D.C. 2014))).

The Court lastly observes that Benchmark has not appeared in this case and has not articulated any interest in having the motion resolved in this District. *See Hilb Grp. of New York, LLC v. Associated Agencies, Inc.*, No. 23-MC-264 (LJL), 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023) (transferring unopposed motion to compel to the Eastern District of New York); *Smartmatic USA Corp.*, 2023 WL 8258577, at *2 (transferring unopposed motion to compel to the District of Columbia). Accordingly, the Court "concludes that the judicial economy and consistency considerations outweigh any potential burden that a transfer may place on [Benchmark]." *Drummond Co., Inc. v. VICE Media LLC*, No. 21 Misc. 859 (AJN), 2022 WL 445681, at *3 (S.D.N.Y. Feb. 14, 2022) (transferring motion to compel pursuant to Rule 45 in light of the complex discovery sought and the fact that the court adjudicating the underlying action had already ruled on related discovery issues and was familiar with the facts of the action and their relation to the subpoena).

For the foregoing reasons, the Clerk of Court is respectfully directed to **TRANSFER** this case to the United States District Court for the District of Delaware, to terminate all pending motions, and to close this case. The telephone status conference scheduled for December 18, 2024 is adjourned *sine die*.

**SO ORDERED.**

**Dated:   December 16, 2024**
       New York, New York

                                                                **ANDREW L. CARTER, JR.**
                                                                **United States District Judge**